BROWN v. SOUTHERN GAS & GASOLINE
ENGINE CO. (No. 443.)

(Court of Civil Appeals of Texas. El Paso.
April 22, 1915. Rehearing Denied
May 13, 1915.)

1. APPEAL AND ERROR ⟶232—QUESTIONS RE-
VIEWABLE—RULINGS ON EVIDENCE—BILL OF
EXCEPTIONS.

The court, in reviewing rulings on the evi-
dence, is confined to the objections in the bill
of exceptions, and an objection to the admission
in evidence of a copy of an instrument because
not filed among the papers of the cause for one
day before announcement and beginning of trial
does not raise the objection that the copy was
not admissible without accounting for the orig-
inal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1351, 1368, 1426, 1430,
1431; Dec. Dig. ⟶232.]

2. APPEAL AND ERROR ⟶742—ASSIGNMENTS
OF ERROR—SUPPORTING STATEMENTS.

Where supporting statements do not sub-
stantiate the contention made in assignments
complaining of the findings of fact, the assign-
ments will be overruled.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. ⟶742.]

Appeal from District Court, Harris Coun-
ty; John A. Read, Judge.

Action by the Southern Gas & Gasoline En-
gine Company against E. W. Brown. From
a judgment for plaintiff, defendant appeals.
Affirmed.

Holland & Holland, of Orange, and W. O.
Huggins, of Houston, for appellant. N. C.
Abbott, of Houston, for appellee.

HIGGINS, J. Appellee sued Brown to re-
cover the purchase price of gasoline engines
and pumps sold and delivered by virtue of a
written contract entered into between the
parties in 1912. Judgment was rendered in
appellee's favor. Recovery was denied of
a balance alleged to be due upon purchase
price of an engine and pump sold and deliv-
ered in the year 1911. What is said in dis-
posing of appellant's assignments relates to
the 1912 contract.

The contract in question was in the form
of a written proposal, dated November 20,
1912, to sell and deliver the machinery in
question upon terms therein specified, with
reservation of title until purchase price had
been paid. It was submitted by a salesman
of appellee, and provided that it was to be-
come effective when accepted by Brown and
approved by the secretary of appellee.
Brown's acceptance was dated November 30,
1912, and the approval of the secretary was
dated December 19, 1912.

Upon trial a certified copy of this contract
from the chattel mortgage records was offer-
ed in evidence, and error is assigned there-
to. It is asserted that the copy was improp-
erly admitted, because:

First. Secondary evidence of the contents
of the contract was not admissible without
accounting for the original copy.

Second. The date thereof varied from the
date alleged.

Third. The document offered contained no
description of the property alleged to have
been purchased.

[1] The bill of exception does not dis-
close that the objection first mentioned was
urged when the copy was offered, and we are
confined to the objections there made in de-
termining whether the instrument was im-
properly admitted. It was not objected that
a copy was offered instead of the original.
The use of a certified copy was objected to
simply because it has not been filed among
the papers of the cause for one day before
announcement and beginning of trial.

As to the second objection, the contract
was alleged to be dated December 19, 1912,
and from its terms it is apparent that it did
not become operative and effective until its
approval by the company's secretary. This
approval was dated December 19, 1912, and
there is therefore no variance. And in any
event the variance did not operate to sur-
prise, and would be regarded as immaterial.
An inspection of the contract discloses that
the third objection has no merit. As to
these objections, it may be further said they
are wholly without merit, for the additional
reason that the contract described in the
petition was admitted in defendant's an-
swer.

Another objection is urged which is not
embraced within the assignment, was not
urged when the instrument was offered in
evidence, and, in any event, is wholly lack-
ing in intrinsic merit, for which reason it
is overruled.

As we understand the propositions urged
in support of the second assignment, they
present no error, and are overruled.

The third assignment questions the suffi-
ciency of the evidence to support the judg-
ment. The assignment is not presented in
such manner as to require consideration, but
in any event it seems to be without merit.

The fourth assignment is overruled; the
evidence showing that plaintiff accepted and
approved on December 19, 1912, the writ-
ten proposal of its salesman theretofore
made.

[2] The fifth and sixth assignments com-
plain of the findings of fact filed by the low-
er court. The supporting statements do not
substantiate the contention made, for which
reason they are overruled.

By cross-assignment appellee complains of
the refusal of the court to render judgment
for the balance claimed upon the 1911 con-
tract. The trial court found that there were
defects and insufficiencies in the machinery
and installation thereof which plaintiff had
agreed to remedy, and by reason of its fail-
ure so to do the defendant had been damaged
the amount of the balance. due upon this
contract. An inspection of the evidence dis-

closes that this finding is supported thereby, for which reason the cross-assignment is overruled.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes